# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 3 1 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
CRIMINAL NO. 1:20-CR-446

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant Alfred Hamilton, a/k/a Spud, a/k/a Avalanche enter into this plea agreement as set forth below in Part IV pursuant to Rules 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure. Alfred Hamilton, a/k/a Spud, a/k/a Avalanche, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Count 1.

## I.  ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in Count 1.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished,

he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

## III.   ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to Count 1 – Conspiracy to possess with intent to distribute methamphetamine in violation of Title 21, United States Code, Section 846**

    a.  Maximum term of imprisonment: Life.

    b.  Mandatory minimum term of imprisonment: 10 years.

    c.  Term of supervised release: 5 years to Life.

    d.  Maximum fine: $10,000,000.00, due and payable immediately.

    e.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

    f.  Mandatory special assessment: $100.00, due and payable immediately.

    g.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. The Defendant further understands that the Court may impose a sentence up to and including the statutory maximum as set forth in the above paragraph and that no one can predict his exact sentence at this time.

9. REMOVAL FROM THE UNITED STATES: The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is

3

pleading guilty. Indeed, because the Defendant is pleading guilty to this offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the District Court, can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## IV.   PLEA AGREEMENT

10. The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

11. The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against the Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

### No Additional Charges

12. The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

### Factual Basis

13. The parties agree that if this case went to trial, the Government would prove by admissible evidence and beyond reasonable doubt the following facts:

14. From 2014 to 2016, the Drug Enforcement Administration, High Intensity Drug Trafficking Area, Group 1, investigated the drug trafficking operation (DTO) headed by Pedro ("Pepe") Hernandez, which distributed heroin, cocaine, and methamphetamine to various U.S. cities, including Atlanta.

15. From at least September 2015 through December of 2015, the DTO used an abandoned building located at 2085 DeLowe Drive, Atlanta, within the Northern District of Georgia ("DeLowe"), to unload large shipments of drugs and load shipments of bulk cash proceeds into tractor trucks. The Defendant, Alfred Hamilton, controlled the location and was present whenever anything happened at DeLowe; this included unloading tractors, transferring drugs to pick-up trucks, and loading drug proceeds into tractors.

16. On December 20, 2015, Hamilton and co-defendants Gerardo Villa and Raul Lopez-Lopez, assisted by others, unloaded approximately 19 kilograms of cocaine and approximately 20 kilograms of methamphetamine from a tractor

5

trailer and loaded it into a utility truck for easier delivery to the DTO stash house or other locations around the Atlanta area. Later, Hamilton and others unloaded approximately 25 kilograms of liquid methamphetamine in buckets and transferred it into a trap truck which was delivered to the local stash house.

17. The morning of December 20, 2015, physical surveillance and pole camera footage at the DeLowe location showed Hamilton facilitate the transfer of methamphetamine and cocaine from a tractor trailer into a utility vehicle. He did so by communicating with the drivers of the trailer and utility vehicle, as well as others located offsite via cell phone, and by opening and closing the gate to provide access to the large transfer area behind the building.

18. After the utility vehicle left the premises, a Fulton County Sheriff's Office Sergeant stopped the utility vehicle. Law enforcement identified a center section in the bed of the utility truck which contained a secret compartment that held a package wrapped in aluminum foil with clear cellophane wrapping on the outside. Inside the package were 31 packages of cocaine and 33 packages of methamphetamine. Forensic testing confirmed the packages contained 19.357 kilograms of cocaine and 20.93 kilograms of actual methamphetamine.

19. During and after the traffic stop, Hamilton and other conspirators returned to the DeLowe property and similarly unloaded 25 gallons of liquid methamphetamine from a tractor and loaded it onto a trap truck that was later delivered to the stash house operated by the DTO.

20. After the utility truck was stopped by law enforcement and its occupants were arrested, the DTO stopped using DeLowe.

6

21. The events described above are only a sample of the evidence that the Government would have presented at trial to prove the Defendant's guilt to the charges in this Indictment.

<u>**Sentencing Guidelines Recommendations**</u>

22. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

**Acceptance of Responsibility**

23. The Government will recommend that the Defendant receive an offense level adjustment for acceptance of responsibility, pursuant to Section 3E1.1, to the maximum extent authorized by the guideline. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize the Defendant's involvement in relevant offense conduct, give conflicting statements about the Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

**Safety Valve**

24. The Government agrees to recommend that the Defendant's offense level be decreased by 2 levels pursuant to Sections 2D1.1(b)(18) and 5C1.2 of the

7

Sentencing Guidelines. However, if the Government determines that the Defendant has failed to comply with Section 5C1.2(a)(5), the Government will not be required to make this recommendation. In addition, the Defendant understands that the Court will determine whether the Defendant meets each of the criteria set forth in Sections 2D1.1(b)(18) and 5C1.2, and if the Court determines that the Defendant fails to meet any of those criteria, the Government will not be required to make this recommendation.

### Right to Answer Questions, Correct Misstatements, and Make Recommendations

25. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the parties also reserve the right to make recommendations regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

### Right to Modify Recommendations

26. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is

8

sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### Sentencing Recommendations

**Specific Sentence Range Recommendation**

27.`Unless the Defendant engages in conduct inconsistent with accepting responsibility, as described more fully in paragraph 23, the Parties agree to a sentencing range of no less than 60 months and no more than 120 months. There is no agreement between the parties about a specific sentence.

**Forfeiture**

27. The Defendant waives and abandons his interest in any property that may have been seized in connection with this case. The Defendant agrees to the administrative or judicial forfeiture or the abandonment of any seized property. The Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. The Defendant acknowledges that the United States will dispose of any seized property, and that such disposal may include, but is not limited to, the sale, release, or destruction of the seized property. The Defendant agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, habeas corpus, or any other means) to the seizure, forfeiture, and disposal of any property connected to this case on any grounds.

28. The Defendant acknowledges that he is not entitled to use forfeited assets to satisfy any fine, restitution, cost of imprisonment, tax obligations, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

## Financial Cooperation Provisions

**Special Assessment**

29. The Defendant understands that the Court will order him to pay a special assessment in the amount of $100.

**Fine/Restitution - Terms of Payment**

30. The Defendant agrees to pay any fine and/or restitution, plus applicable interest, imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should the Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and his counsel agree that the Government

10

may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Financial Disclosure**

31. The Defendant agrees that the Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $2,500 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that the Defendant's failure to comply with this provision of the Plea Agreement should result in the Defendant receiving no credit for acceptance of responsibility.

32. The Defendant agrees to cooperate fully in the investigation of the amount of forfeiture, restitution, and fine; the identification of funds and assets in which he has any legal or equitable interest to be applied toward forfeiture, restitution, and/or fine; and the prompt payment of restitution or a fine.

33. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the Government regarding his financial condition and that of his household; (D) fully and truthfully answering all questions regarding his past and present financial condition and that of his household in such interview(s); and (E) providing a waiver of his privacy protections to permit the Government to access his credit report and tax information held by the Internal Revenue Service.

34. So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during his financial interview or deposition or in the financial forms described above cannot and will not be used against him in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any legal proceeding that is inconsistent with the interview(s)/deposition(s)/ financial forms–whether in pleadings, oral argument, witness testimony,

documentary evidence, questioning of witnesses, or any other manner–the Government may use the Defendant's interview(s)/deposition(s)/financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

### Recommendations/Stipulations Non-binding

35. The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement, as well as any stipulations of fact or guideline computations incorporated within this Plea Agreement or otherwise discussed between the parties, are not binding on the Court and that the Court's failure to accept one or more of the recommendations, stipulations, and/or guideline computations will not constitute grounds to withdraw his guilty plea or to claim a breach of this Plea Agreement.

### Limited Waiver of Appeal

36. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or upward variance above the sentencing guideline range as calculated by the District Court. Claims

13

that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

37. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

## No Other Agreements

38. There are no other agreements, promises, representations, or
understandings between the Defendant and the Government.


In Open Court on January 31, 2022.

_____          _____
SIGNATURE (Defendant's Attorney)         SIGNATURE (Defendant)
Bruce Harvey                             Alfred Hamilton

_____
SIGNATURE (Special Assistant U.S. Attorney)
Rachel S. Lyons


_____
SIGNATURE (Approving Official)
Laurel Boatright Milam



15

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____          _____
SIGNATURE (Defendant)                                      DATE
Alfred Hamilton

16

I am Alfred Hamilton, a/k/a Spud, a/k/a Avalanche's lawyer. I have
carefully reviewed the charges and the Plea Agreement with my client. To my
knowledge, my client is making an informed and voluntary decision to plead
guilty and to enter into the Plea Agreement.

_____     _____
SIGNATURE (Defendant's Attorney)     DATE  2/1/2022
Bruce Harvey   Stephen M. Katz
               Ga. Bar No 409065

Law Office of Bruce Harvey            Alfred Hamilton
146 Nassau Street, NW
Atlanta, GA 30303
404-659-4628
bruce@harveylawfirm.com


409065 State Bar of Georgia Number


Filed in Open Court

This 31st day of January 2022

By _____

U. S. DEPARTMENT OF JUSTICE

Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIMINAL ACTION NO.: | 1:20-CR-446 |
| DEFENDANT'S NAME: | ALFRED HAMILTON, A/K/A SPUD, A/K/A AVALANCHE |
| PAY THIS AMOUNT: | $100 |

Instructions:

1. Payment must be made by **certified check** or **money order** payable to:
   Clerk of Court, U.S. District Court
   ***personal checks will not be accepted***
2. Payment must be made to the clerk's office by the day of sentencing.
3. Payment should be sent or hand delivered to:
   Clerk, U.S. District Court
   2211 U.S. Courthouse
   75 Ted Turner Drive SW
   Atlanta, Georgia 30303
   (Do Not Send Cash)
4. Include the defendant's name on **certified check** or **money order.**
5. Enclose this coupon to insure proper and prompt application of payment.
6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.